JOEL M. SMITH (State Bar No. 050973)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: jsmith@lpsla.com/lpetrich@lpsla.com

Attorneys for Defendant
BECKETT MEDIA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>BECKETT MEDIA, LLC, a Delaware Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: CV09-8161 PSG (MANx)<br><br>**ANSWER OF DEFENDANT BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Complaint filed November 6, 2009 |

Defendant Beckett Media, LLC ("Defendant"), for itself and for no other defendant, in response to the Complaint of plaintiff Summit Entertainment, LLC ("Plaintiff") admits, alleges and denies as follows:

1.    Admits that in Paragraph 1 Plaintiff has pled an Action that would meet the Jurisdictional requirements of this Court.

2.    Admits that Paragraph 2 purports to set forth Plaintiff's legal contentions regarding "venue."

3.    Denies for lack of sufficient knowledge or information each allegation in Paragraph 3.

4.    Admits that Defendant is a Delaware Corporation that has a place of business in Anaheim, California.

5.    Denies for lack of sufficient knowledge or information each allegation in Paragraph 5.

6.    Denies for lack of sufficient knowledge or information each allegation in Paragraph 6.

7.    Admits that Plaintiff was "involved in," and received credit, respecting the movie "*TWILIGHT*" and except for that admission, denies for lack of sufficient knowledge and information the remaining allegations in Paragraph 7, and asserts that the movie "*TWILIGHT*" speaks for itself as to its content.

8.    Denies for lack of sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 8.

9.    Denies for lack of sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 9.

10.    Deny for lack of sufficient knowledge or information each allegation in Paragraph 10.

11.    Admits that, among other things, Defendant is a publisher of sports and entertainment collectibles and memorabilia magazines.

17444.doc

12.    Admits that [i] Defendant's magazines are distributed in "various outlets throughout the United States" and [ii] Defendant operates a website at **www.beckett.com**, which speaks for itself as to its content.

13.    Admits [i] that Defendant marketed one of its "Teen Sensations" magazines, containing, *inter alia*, reproductions of photographs and a poster (and asserts that the photographs and the poster speak for themselves as to their respective content), [ii] that the word "twilight" appears on the cover of the said magazine and [iii] that the figures "U.S. $9.99" appear on the cover of said magazine and [iv] that Ex. A to Plaintiff's Complaint appears to be a copy of the said magazine, and, except as admitted, denies the remaining allegations in Paragraph 13.

14.    Admits [i] that the Plaintiff has used the "font … on the left" and [ii] that the Defendant has used the font "on the right," and, except as admitted, denies the remaining allegations in Paragraph 14.

15.    Admits [i] that Defendant received a letter from Plaintiff on or about September 1, 2009 and that Ex. B to Plaintiff's Complaint appears to be a copy of that letter and [ii] that before Defendant was able to respond to said letter, Plaintiff sent a second letter to Defendant, and Ex. C to Plaintiff's Complaint appears to be a copy of that second letter (and asserts that the said letters speak for themselves as to their respective contents), and, except as admitted, denies the remaining allegations in Paragraph 15.

16.    Admits that, in or about mid-to-late September, 2009, Defendant's counsel communicated with Plaintiff's counsel regarding the dispute that is the subject of this Action, but denies that the communications are accurately alleged in the Complaint herein and asserts that the contents of the communications are inadmissible, *inter alia*, under Fed. Rules of Evid, § 408.

17.    Admits that in late September, 2009, Defendant's counsel contacted Plaintiff's counsel regarding the dispute that is the subject of this Action, but denies

ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL]

17444.doc

Draft as of 11/30/2009– 12:32 PM

1  that the communications are accurately alleged in the Complaint herein and asserts

2  that the contents of the communications are inadmissible, *inter alia*, under Fed. Rules

3  of Evid, § 408.

4      18.    Admits [i] that, in or about early October 2009, Defendant marketed

5  another one of its "Teen Sensations" magazines, containing, *inter alia*, reproductions

6  of photographs and a poster (and asserts that the photographs and the poster speak for

7  themselves as to their respective content), [ii] that the word "twilight" appears on the

8  cover of the said magazine, [iii] that the figures "U.S. $9.99 ● Can. $14.99" appear on

9  the cover of said magazine and [iv] that Ex. D to Plaintiff's Complaint appears to be a

10  copy of the said magazine, and, except as admitted, denies the remaining allegations

11  in Paragraph 18.

12      19.    Admits [i] that in or about early October, 2009, Defendant's counsel

13  advised Plaintiff's counsel [a] that Defendant's access to Plaintiff's "publicity"

14  website at **www.summitpublicity.com** had been expressly authorized and approved

15  by <u>Plaintiff</u> and [b] that Plaintiff's "publicity" website at www.summitpublicity.com

16  specifically provided downloadable photographs and other artwork relating to the said

17  "*Twilight* Motion Pictures" for use(s) by those who were given access to said site by

18  Plaintiff and Asserts that [iii] the website's "Terms of Use" and contents speaks for

19  themselves, and otherwise denies the allegations of Paragraph 19 and specifically

20  denies that the Defendant's 'use" of the said website was in any way inconsistent with

21  the so-called "Terms of Use of the Website."

22      20.    Admits [i] that it requested a password and permission to use the website

23  for "newsstand magazine coverage" and [ii] that it was given by Plaintiff a password

24  and permission to use Plaintiff's website, and Asserts that the "Terms of Use"

25  regarding Plaintiff's website speak for itself as to its contents, and Acknowledges that

26  a copy of the Terms of Use of Plaintiff's website appear to be attached as Ex. E to

27  Plaintiff's Complaint, and, except as admitted, Denies the remaining allegations in

28

ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC

17444.doc

1  Paragraph 20 and specifically denies that Defendant's "use" of Plaintiff's "website"

2  was inconsistent with the so-called "Terms of Use" respecting the "website."

3      21.   Denies the allegations in Paragraph 21, and specifically denies that

4  Defendant's conduct "creates the false impression that Summit endorsed, licensed or

5  sponsored" Defendant's magazine.

6      22.   Defendant Admits that it created its said "Teen Sensations" magazine

7  without Plaintiff's prior written approval and Asserts [i] that all "editing, altering

8  and/or modifying [of] Summit's copyright material without Summit's prior written

9  approval," if any, is and was a "fair use" under the United States Copyright

10 Trademark Laws, Asserts that the said "material" speaks for itself as to its contents

11 and, except as admitted, Denies the remaining allegations in Paragraph 22 and

12 specifically denies that Defendant's "use" of Plaintiff's "website" was inconsistent

13 with the so-called "Terms of Use" respecting the "website."

14     23.   Denies that it has used any copyrighted or trademarked material owned

15 by Plaintiff in any form or fashion that [i] was not expressly authorized by Plaintiff,

16 [ii] was not protected by the First Amendment to the United states Constitution and/or

17 [iii] was not a "fair use" under the United States Copyright and Trademark Laws and,

18 except as admitted, Denies the remaining allegations in Paragraph 23.

19     24.   Denies [i] that any of its actions were unlawful and, hence, that any of its

20 actions, in that regard, were "willful" and/or [ii] that it was required to or sought a

21 "license" from Plaintiff to publish its "Teen Sensations" magazines, and Admits [iii]

22 that it utilized, in its "Teen Sensations" publications, materials that had been made

23 available to it by Plaintiff and [iv] that it did not cease publishing its "Teen Sensation"

24 magazines when Plaintiff complained, and Asserts [v] that the contents of the

25 Defendant's "Teen Sensations" magazines speak for themselves as to their respective

26 contents and [vi] that Defendant does not intent to publish any "Twilight Fanzine[s]"

27 as Defendant understands Plaintiff's use of that terminology,  but, except as admitted,

28

ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL]

17444.doc

1    denies, generally and specifically, each and every remaining allegation and/or

2    contention set out in Paragraph 24.

3        25.    Admits that, in or about October and November of 2009, it offered for

4    sale on ebay and on Defendant's website various printing plates for its "Teen

5    Sensations" magazines and [ii] that copies of the e-bay listing and the listing on

6    Defendant's website for the printing plates appear to be attached collectively as Ex. F

7    to Plaintiff's Complaint.

8        26.    Defendant repeats and realleges each and every allegation in Paragraphs

9    1 through 25 above, as though fully set forth herein.

10        27.    Defendant denies the contentions in Paragraph 27.

11        28.    Defendant denies the contentions in Paragraph 28.

12        29.    Defendant denies the contentions in Paragraph 29.

13        30.    Defendant denies the contentions in Paragraph 30.

14        31.    Defendant denies the contentions in Paragraph 31.

15        32.    Defendant denies the contentions in Paragraph 32.

16        33.    Defendant denies the contentions in Paragraph 33, but admits that

17    15 U.S.C. § 1117 entitles the prevailing party, under certain circumstances and

18    conditions, to an award of attorneys' fees and costs of suit in a copyright infringement

19    action.

20        34.    Defendant repeats and realleges each and every allegation / contention of

21    Paragraphs 1 through 33, above, as though fully set forth herein.

22        35.    Defendant denies the contentions in Paragraph 35.

23        36.    Defendant denies the contentions in Paragraph 36.

24        37.    Defendant denies the contentions in Paragraph 37 and, specifically,

25    denies that Plaintiff has suffered any damage or that it is entitled to an Injunction

26    restraining Defendant from any acts.

27        38.    Defendant generally denies the contentions of Paragraph 38, and

28

1  specifically denies that Plaintiff is entitled to recover from Defendant any damages.

2       39.    Defendant denies the contentions in Paragraph 39, and in addition,

3  Defendant contends that Plaintiff is not entitled to any of Defendant's gains, profits,

4  and advantages.

5       40.    Defendant denies the contentions in Paragraph 40, and specifically denies

6  that Plaintiff is entitled to an award of punitive damages or any damages at all.

7       41.    Defendant repeats and realleges each and every allegation / contention of

8  Paragraphs 1 through 40 above, as though fully set forth herein.

9       42.    Defendant denies the contentions of Paragraph 42.

10       43.    Defendant denies the contentions of Paragraph 43.

11       44.    Defendant denies the contentions of Paragraph 44.

12       45.    Defendant generally denies the contentions of Paragraph 45, and

13  specifically denies that any of Defendant's acts are likely to damage Plaintiff and that

14  Plaintiff is entitled to a Preliminary and/or Permanent Injunction enjoining Defendant

15  from any acts or conduct in connection with the promotion, advertising and sale of

16  any "goods" by Defendant.

17       46.    Defendant generally denies the contentions of Paragraph 46, and

18  specifically denies that Plaintiff is entitled to recover from Defendant any damages.

19       47.    Defendant generally denies the contentions of Paragraph 47, and

20  specifically denies that Plaintiff is entitled to recover from Defendant any "gains,

21  profits, or advantages" Defendant has obtained as a result of its acts.

22       48.    Defendant denies that Plaintiff is entitled to any of the remedies available

23  under 15 U.S.C. § 1117 and/or § 1118.

24       49.    Defendant repeats and realleges each and every allegation / contention of

25  Paragraphs 1 through 48 above, as though fully set forth herein.

26       50.    Defendant denies the contentions of Paragraph 50 regarding the Content,

27  Photographs, and Poster Images, and asserts that the Photographs, Content, and Poster

28

ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL]

17444.doc

Images speak for themselves as to their content, and denies for lack of sufficient knowledge or information and belief that any of the Content, Photographs, or Poster Images are "original works of authorship owned by Summit."

51.    Defendant denies for lack of sufficient knowledge or information and belief the contentions in Paragraph 51.

52.    Defendant admits that Plaintiff maintains a website at www.summitpublicity.com, where various Content, Photographs and Poster Images are available for downloading and duplicating, and that anyone can access the website that [i] has an Internet connection and [ii] is authorized to do so by Plaintiff.

53.    Defendant denies, generally and specially, the contentions in Paragraph 53.

54.    Defendant generally denies the contentions in Paragraph 54 and specifically denies that it "was … aware … [that its publication of any of its "Teen Sensation" magazines] would constitute copyright infringement."

55.    Defendant generally and specially denies the contentions in Paragraph 55, except that Defendant admits that it did not cease publishing its "Teen Sensation" magazines or attempt to recall them immediately upon receipt by Beckett of a letter from Summit's counsel contending that Beckett's magazines "infringed [Summit's] copyrights and trademark rights."

56.    Defendant generally denies the contentions in Paragraph 56 and specifically denies that Plaintiff has suffered any damages and/or is entitled to recover any damages, including, without limitation, the "gains, profits and/or advantages" derived by Beckett from its publications and/or statutory damages under the Copyright Act of the United States.

57.    Defendant denies the contentions of Paragraph 57.

58.    Defendant repeats and realleges each and every allegation of Paragraphs 1 through 57, above, as though fully set forth herein.

ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL]

17444.doc

59.     Defendant denies the contentions of Paragraph 59, generally and specifically.

60.     Defendant generally denies the contentions of Paragraph 60 and specifically denies that Plaintiff has been damaged, irreparably or at all, and that Plaintiff is entitled to any relief, particularly: (a) injunctive relief, restraining and enjoining Defendant from any lawful acts; (b) awarding Plaintiff any damages; (c) requiring Defendant to account to Plaintiff for Defendant's profits from the marketing of its "goods"; (d) the award of any of Defendant's profits to Plaintiff; and / or (e) punitive (or any other) damages.

61.     Defendant repeats and realleges each and every allegation / contention of Paragraphs 1 through 60, above, as though fully set forth herein.

62.     Defendant denies that Defendant and Summit entered into a "contract" and alleges that the "terms of use" that are a part of www.summitpublicity.com speak for themselves as to their contents.

63.     Defendant denies the contentions of Paragraph 63.

64.     Defendant denies that it has contract with Plaintiff, but asserts that, if there is any such "contract," Defendant did not exceed the scope thereof, and otherwise denies the contentions in Paragraph 64.

65.     Defendant admits that, if Plaintiff has been harmed by any such "contract" (as alleged to exist in Paragraph 64), Plaintiff it has been harmed by its failure to comply with the terms of any such "contract.

66.     Defendant denies that it has breached any contract, and that Plaintiff is entitled to any remedies.

///

///

ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL]

17444.doc

# Affirmative Defenses

## FIRST AFFIRMATIVE DEFENSE
### (No Claim Stated)

67.     Plaintiff's Complaint fails to state facts sufficient to constitute a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (17 U.S.C. § 412)

68.     To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. § 412, Plaintiff's purported claims for relief are limited and/or barred.

## THIRD AFFIRMATIVE DEFENSE
### (17 U.S.C. § 411 (a))

69.     To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. § 411 (a), Plaintiff's purported claims for relief are barred.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

70.     Plaintiff's purported claims for relief are barred in whole or in part by reason of its unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

71.     Plaintiff's purported claims for relief are barred in whole or in part because of Plaintiff's lack of standing to prosecute its claims.

## SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

72.     To the extent any such "use" occurred, which Defendant denies, but here assumes merely for the sake of argument, Plaintiff's purported claims for relief are

ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL]

17444.doc

barred in whole or in part by the doctrine of fair use.

## SEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

73.     To the extent any such "use" occurred, which Defendant denies, but here assumes merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part because the purported use of Plaintiff's purportedly copyrightable materials constituted a use protected by the First Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE
### (De Minimis Use)

74.     To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of *de minimis* use.

## NINTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

75.     To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part because Defendant's use was not willful.

## TENTH AFFIRMATIVE DEFENSE
### (Statue of Limitations)

76.     Plaintiff's claim for relief is barred and limited by the provisions of 17 U.S.C. § 507.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Protectability)

77.     To the extent that Plaintiff relied on facts or purported facts, ideas,

ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL]

17444.doc

scenes-a-faire, clichés and conventions of story telling, its claims are barred.

## TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

78.    Plaintiff's purported claims and any prayer for relief based thereon or otherwise are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

79.    Plaintiff's purported claims and any prayer for relief based thereon or otherwise are barred by waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

80.    Plaintiff's purported claims and any prayer for relief based thereon or otherwise are barred by the principle of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Consent)

81.    To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claim and any prayer for relief based thereon or otherwise are barred in whole or in part because Plaintiff expressly or impliedly consented to the complained of conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

82.    After the occurrence of the alleged loss and damage to Plaintiff, Plaintiff failed and refused to mitigate its damages, and by reason thereof, is barred from recovery from Defendant.

17444.doc

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Proof of Copying of Protectable Expression)

83.   The First Amendment to the United States Constitution requires that Plaintiff must prove by clear and convincing evidence that Defendant has copied protectible expression from Plaintiff's work.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Proof of Allocating Defendant's Profits)

84.   The First Amendment to the United States Constitution requires that Plaintiff, not Defendant, must meet its burden of proving by clear and convincing evidence that portion, if any, of Defendant's profits that is allocable to the alleged infringement by that Defendant.

WHEREFORE, Defendant prays as follows:

1.   That the Complaint be dismissed with prejudice and that Plaintiff take nothing herein;

2.   That Defendant be awarded its costs of suit, including its reasonable attorneys' fees, incurred in defense of this action; and

3.   That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  November 30, 2009           LEOPOLD, PETRICH & SMITH
                                    A Professional Corporation


                                    By: _____
                                        Joel McCabe Smith
                                        Attorneys for Defendant
                                        Beckett Media, LLC

17444.doc

### JURY DEMAND

Beckett demands a trial by Jury of all issues triable by Jury.

Respectfully submitted,

DATED:  November 30, 2009

LEOPOLD, PETRICH & SMITH
A Professional Corporation

By: _____
Joel McCabe Smith
Attorneys for Defendant
Beckett Media, LLC

ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL]

17444.doc

Draft as of 11/30/2009– 12:33 PM

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274**.

On November 30, 2009, I served the foregoing document described as ANSWER OF BECKETT MEDIA, LLC TO COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL] on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE MACHINE:**  I transmitted a true copy of said document(s) by facsimile machine, and no error was reported.  Said fax transmission(s) were directed as indicated on the service list.

☐    **BY OVERNIGHT MAIL:**  I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274.  The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐    (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 30, 2009, at Los Angeles, California.

Stella D. Pavluk

17444.doc

Draft as of 11/30/2009– 12:34 PM

1

**SERVICE LIST**

2

Jill M. Pietrini                                    Attorneys for Plaintiff
3     Barry E. Mallen
Kathryn A. Vaclavik
4     Stuart H. Katz
MANATT, PHELPS & PHILLIPS, LLP
5     11355 West Olympic Blvd.
Los Angeles, CA  90064
6     Tel:  310-312-4000
Fax:  310-312-4224
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17444.doc