O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8161 PSG (MANx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Summit Entertainment, LLC v. Beckett Media, LLC | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:**   **(In Chambers) Order Granting Plaintiff's Motion for Preliminary Injunction**

Pending before the Court is Plaintiff's Motion for a Preliminary Injunction. The matter came on for hearing on January 11, 2010. After considering the moving and opposing papers, as well as oral argument, the Court GRANTS Plaintiff's motion.

I.   Background

Plaintiff Summit Entertainment, LLC ("Plaintiff") claims to own a number of copyrights and trademarks associated with the motion picture *Twilight*, released in November 2008, and *Twilight*'s sequel, *New Moon*, released in November 2009. *See Kimbrough Decl.* ¶¶ 4-7. Plaintiff contends that Defendant Beckett Media, LLC ("Defendant") has violated and continues to violate Plaintiff's intellectual property rights in those films and related promotional materials by, among other things, publishing and selling two successive issues of a fan magazine (the "Twilight Fanzines"). *See id.* at ¶¶ 19-28. These Fanzines, according to Plaintiff, reproduce without authorization numerous images from the films, as well as trademarks and promotional images associated with the films. *See id.*

More specifically, Plaintiff claims that Defendant's Twilight Fanzines a) display without authorization Plaintiff's stylized "Twilight" trademark on their covers; b) contain unauthorized reproductions of photographs from the films and their promotional materials, including photographs that are not obtainable from Plaintiff's publicity website and photographs that have been altered in violation of the publicity website's "Terms of Use"; c) contain removable posters that are unauthorized reproductions of Plaintiff's *Twilight*-related photographs and artwork; and,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8161 PSG (MANx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Summit Entertainment, LLC v. Beckett Media, LLC | | |

d) contain unauthorized reproductions of a set of *Twilight* trading cards published by Plaintiff's licensee.  *See Plaintiff's November 10, 2009 Brief in Support of Ex Parte Application ("Motion")* 1:13-28.  Plaintiff also contends that Defendant featured one of the offending Fanzine covers on its Facebook page and attempted to auction on eBay the printing plates used to print the Fanzine covers.  *See id.* at 2:13-18.  Finally, Plaintiff claims that Defendant recently announced its intention to publish additional issues of its Twilight Fanzine.  *See id.* at 2:19-21.

      Based on the foregoing allegations, Plaintiff brought suit against Defendant on November 6, 2009.  The complaint asserts claims for false designation of origin under the Lanham Act, common law trademark infringement, dilution under the Lanham Act and Cal. Bus. & Prof. Code § 14330, copyright infringement, statutory and common law unfair competition, and breach of contract.

      On November 10, 2009, Plaintiff filed an ex parte application for a temporary restraining order ("TRO") enjoining Defendant from, generally stated, 1) displaying any copyrightable subject matter related to Plaintiff's *Twilight* and *New Moon* movies, 2) manufacturing, distributing, or selling any goods bearing Plaintiff's *Twilight*-related trademarks or any confusingly similar marks, 3) falsely implying Plaintiff's affiliation with or endorsement of Defendant or its products, and 4) knowingly assisting anyone else in these activities.  *See Application* 1:27-2:28.

      On November 16, 2009, the Court denied Plaintiff's ex parte application for a TRO, deemed Plaintiff's papers to be in support of a motion for preliminary injunction, and set the matter for hearing on January 11, 2010.  The Court now takes up the question of whether a preliminary injunction should issue.

II.     Legal Standard

      "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am. Trucking Ass'ns v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)).

III.    Discussion

      A.     Likelihood of Success on the Merits

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8161 PSG (MANx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Summit Entertainment, LLC v. Beckett Media, LLC | | |

Plaintiff need only establish a likelihood of success on the merits of its copyright and trademark claims to support the requested injunction. *See Fin. Express LLC v. Nowcom Corp.*, 564 F. Supp. 2d 1160, 1168 (C.D. Cal. 2008) (noting that likelihood of success on plaintiff's trademark infringement claim supported injunction without need to examine additional claims). Accordingly, the Court limits its analysis to those claims.

       1.       <u>Copyright Infringement</u>

To prevail on its copyright infringement claim, Plaintiff must show that it owns the works in question and that Defendant copied them. *See Metcalf v. Bochco,* 294 F.3d 1069, 1072 (9th Cir. 2002). Copying may be established by showing that Plaintiff's and Defendant's works are substantially similar in their protected elements and that Defendant had access to the works. *Id.*

Plaintiff has submitted credible evidence that it owns the photographs at issue, *see Kimbrough Decl.* ¶ 17, Exs. 4-20, that the photographs in Defendant's Twilight Fanzines are substantially and even strikingly similar in their protected elements to the photographs owned by Plaintiff, *see Vaclavik Decl.* ¶ 12, Ex. 6, and that Defendant had access to many of these photographs by virtue of their availability on Plaintiff's publicity website and to others by virtue of their pervasiveness resulting from the *Twilight* movies' enormous popularity, *see Kimbrough Decl.* ¶¶ 4-18, 29-30.

Defendant disputes none of this. Rather, Defendant argues that many of the images in the Twilight Fanzines were obtained with Plaintiff's permission from Plaintiff's publicity website. *See Opp.* 5:22-6:5. While it is true that "the existence of a license creates an affirmative defense to a claim of copyright infringement," *see Worldwide Church of God v. Philadelphia Church of God, Inc.,* 227 F.3d 1110, 1114 (9th Cir. 2000), it is Defendant's burden to show a likelihood of success on that affirmative defense. *See Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1158 (9th Cir. 2007) (stating that, at preliminary injunction stage, once a plaintiff "has shown a likelihood of success on the merits, the burden shifts to [the defendant] to show a likelihood that its affirmative defenses will succeed"). Defendant has not carried that burden here since, most notably, Defendant makes no effort to account for its use of allegedly infringing photographs that were not even available on Plaintiff's publicity website. *See Kimbrough Decl.* ¶ 24.

Moreover, "[a] licensee infringes the owner's copyright if its use exceeds the scope of its license." *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1085 (9th Cir. 1989). Here, Plaintiff has presented credible evidence that Defendant's Fanzines displayed altered versions of Plaintiff's images. *See Vaclavik Decl.* ¶ 12, Ex. 6. Plaintiff has also presented evidence that the publicity

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8161 PSG (MANx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Summit Entertainment, LLC v. Beckett Media, LLC | | |

website's "Terms of Use" expressly require users to agree that they "will not edit, alter or modify any of the Content without Summit's prior written approval." *See Suppl. Kimbrough Decl.* ¶ 4, Ex. 3. Defendant offers no evidence to rebut either point. Thus, the Court finds it likely that Plaintiff will overcome Defendant's "license" defense by establishing that Defendant impermissibly copied Plaintiff's images beyond the scope of any license Defendant may have had to use those images. *See S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1085 (9th Cir. 1989) (indicating that where defendant raises license defense plaintiff has burden of proving "copying" beyond the scope of the license).[1]

For these reasons, then, the Court finds that Plaintiff will likely succeed on the merits of its copyright infringement claim.

      2.      Trademark Infringement

To succeed on its trademark infringement claim, Plaintiff must establish that 1) it has a valid, protectable trademark in its *Twilight*-related marks and 2) Defendant used, without authorization, a similar mark likely to cause consumer confusion, deception, or mistake.[2] *Brookfield Communications v. West Coast Entertainment,* 174 F.3d 1036, 1046 (9th Cir. 1999). In considering the second requirement, often referred to as the "likelihood of confusion" requirement, courts in the Ninth Circuit weigh the following eight factors: 1) the strength of the mark, 2) the proximity or relatedness of the goods, 3) the similarity of the marks, 4) evidence of actual confusion, 5) the marketing channels used, 6) the type of goods and the degree of care likely to be exercised by the purchaser, 7) the defendant's intent in selecting the mark, and 8) the likelihood of expansion of product lines. *See AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348-

---

[1] "The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights, described at 17 U.S.C. § 106." *S.O.S.,* 886 F.2d at 1085.

[2] Plaintiff's claims for false designation and unfair competition turn on essentially the same test, namely, "whether the public is likely to be deceived or confused by the similarity of the marks." *See Century 21 Real Estate Corp. v. Sandlin,* 846 F.2d 1175, 1178 (9th Cir. 1988); *New West Corp. v. NYM Co. of California, Inc.,* 595 F.2d 1194, 1201 (9th Cir. 1979) ("Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical[:] is there a 'likelihood of confusion'?").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8161 PSG (MANx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Summit Entertainment, LLC v. Beckett Media, LLC | | |

49 (9th Cir. 1979). This list of factors is not a rigid set of requirements, but "a non-exclusive series of factors that are helpful in making the ultimate factual determination." *See Eclipse Assoc., Ltd. v. Data General Corp.,* 894 F.2d 1114, 1118 (9th Cir. 1990). Especially at the preliminary injunction stage, the court is not required to examine every one of the eight factors. *See Apple Computer, Inc. v. Formula International, Inc.,* 725 F.2d 521, 526 (9th Cir. 1984).

Here, Plaintiff has presented credible evidence that it owns a valid, protectable trademark in a stylized, block-lettered version of the word "Twilight," *see Kimbrough Decl.* ¶¶ 7-9, and that Defendant displayed a virtually identical version of this mark in and on its Fanzines, including on their outside front covers and on pull-out posters. *See id.* at ¶¶ 19-20, 23, 25, Exs. 22-24. Plaintiff has also presented evidence that it has licensed its "Twilight" mark for use in selling a seemingly endless variety of goods, including board games, bottled water, automobiles, and posters. *See id.* at ¶¶ 9, 11-18. This indicates that Plaintiff's mark is "commercially strong," *see GoTo.com*, 202 F.3d at 1207, and that the "relatedness of the goods" factor, too, weighs in Plaintiff's favor. Defendant does not oppose Plaintiff's evidence or argument regarding "likelihood of confusion." Accordingly, the Court finds that Plaintiff is likely to succeed on the merits of its trademark claims.

  B. <u>Irreparable Injury</u>

In copyright and trademark infringement actions, irreparable injury is presumed upon a showing of likelihood of success on the merits. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 877 (9th Cir. 2009); *LGS Architects, Inc. v. Concordia Homes,* 434 F.3d 1150, 1155 (9th Cir. 2006).

Defendant contends, however, that Plaintiff will not suffer irreparable injury in the absence of a preliminary injunction here because Defendant has already voluntary ceased the activities Plaintiff complains of. Specifically, Defendant claims that it has 1) recalled both of its Fanzines and does not intend to redistribute them, 2) terminated the auction of its printing plates on eBay, 3) removed the offending Fanzine cover image from its Facebook page, and 4) abandoned its intention to publish any additional issues of its Fanzine. *See Opp.* 4:25-5:11.

While cessation of unlawful conduct can "moot" a dispute in a manner that renders a preliminary injunction inappropriate, "the reform of the defendant must be irrefutably demonstrated and total." *See Polo Fashions, Inc. v. Dick Bruhn, Inc.,* 793 F.2d 1132, 1135 (9th Cir. 1986). Here, Plaintiff has submitted evidence indicating that as of December 7 and December 8, 2009—that is, the day Defendant's Opposition was filed, as well as the day

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8161 PSG (MANx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Summit Entertainment, LLC v. Beckett Media, LLC | | |

after—Defendant's Fanzines were still widely available in Los Angeles-area retail stores and over the Internet. *See Jones Decl.* ¶¶ 3-10. Because Plaintiff has therefore failed to demonstrate irrefutably a total cessation of the activities complained of, the Court does not find this dispute moot.

Finally, Defendant offers no authority to support its contention that Plaintiff's case for irreparable injury fails for lack of a declaration from a "third party witness." *See Opp.* 14:9-27. Nor is the Court aware of any such authority. The Court therefore finds that Plaintiff will suffer irreparable injury in the absence of a preliminary injunction.

  C.  Balance of Hardships

The real issue in evaluating the balance of hardships "is the degree of harm that will be suffered by the plaintiff or the defendant if the injunction is improperly granted or denied." *See Scotts Co. v. United Industries Corp.,* 315 F.3d 264, 284 (4th Cir. 2002). Plaintiff credibly maintains that if an injunction is improperly denied, Plaintiff's copyrights, trademarks, and goodwill are at risk of being devalued by Defendant's continuing to sale and distribute infringing products. If an injunction is improperly granted, on the other hand, Defendant would not appear to suffer substantial hardship, since the injunction would merely enforce what Defendant has already announced its intention to do, namely, cease all offending activity. *See Levi Strauss & Co. v. Shilon,* 121 F.3d 1309, 1314 (9th Cir. 1997) ("If [defendant] sincerely intends not to infringe, the injunction harms [him] little; if [he does], it gives [plaintiff] substantial protection of its trademarks."). Accordingly, the Court determines that the balance of hardships favors granting Plaintiff's request for a preliminary injunction.

  D.  The Public Interest

"The sole interest of the United States and the primary object in conferring the monopoly [of copyright protection] lie in the general benefits derived by the public from the labors of authors." *Elvis Presley Enterprises, Inc. v. Passport Video,* 357 F.3d 896, 899 (9th Cir. 2004) (internal quotations omitted). "In other words," one court recently noted, "the public receives a benefit when the legitimate rights of copyright holders are vindicated." *Apple Inc. v. Psystar Corp.,* 2009 U.S. Dist. LEXIS 116502, *14-15 (N.D. Cal. Dec. 15, 2009). In trademark cases, moreover, courts have noted that the public has a right "not to be deceived or confused." *See, e.g., Moroccanoil, Inc. v. Moroccan Gold, LLC,* 590 F. Supp. 2d 1271, 1282 (C.D. Cal. 2008) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.,* 920 F.2d 187, 198 (3rd Cir. 1990)).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8161 PSG (MANx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Summit Entertainment, LLC v. Beckett Media, LLC | | |

Here, the Court determines that an injunction is in the public interest because Plaintiff has demonstrated that its rights as a copyright holder, as well as the public's right "not to be deceived or confused," are likely being violated by Defendant's continuing to sell, distribute, and display the offending Fanzines, trading cards, and posters.

Because Plaintiff has established that it is likely to succeed on the merits of its claims, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest, the Court finds that a preliminary injunction is appropriate. *See Am. Trucking Ass'ns,* 559 F.3d at 1052.

E.  Scope of the Injunction

Defendant objects to the scope of the requested injunction on the grounds that it is unconstitutionally overbroad. *See Opposition* 15:1-23. Specifically, Defendant argues that the injunction sought by Plaintiff would enjoin constitutionally protected use of Plaintiff's copyrighted and trademarked images, including use that would meet the standards of permissible "fair use" of a copyrighted work as set forth in 17 U.S.C. § 107. *See id.*

The Court agrees with Defendant. The Court therefore requires that any language enjoining Defendant's use of Plaintiff's copyrighted works (*see* Proposed TRO (Dkt # 5-3) ¶ 1.a.) must make express allowance for permissible "fair use" as set forth in 17 U.S.C. § 107. The Court also requires that any use of the term "Twilight Marks" in language enjoining violation of Plaintiff's rights in such marks (*see id.* at ¶¶ 1.c., 1.d.) must be expressly defined. In particular, it should be clear whether marks other than Plaintiff's stylized "Twilight" mark are contemplated, and if so, which.

F.  Bond

Lastly, the court must consider setting bond. The district court is afforded wide discretion in setting the amount of the bond, *Walczak v. EPL Prolong, Inc.,* 198 F.3d 725, 733 (9th Cir. 1999), and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction. *See Gorbach v. Reno,* 219 F.3d 1087, 1092 (9th Cir. 2000).

Plaintiff argues that the bond amount here should be minimal because Defendant only recently started using Plaintiff's *Twilight*-related intellectual property and because Defendant is intentionally trading on the goodwill associated with Plaintiff's marks and copyrights, rather than attempting to generate any goodwill of its own. Thus, Plaintiff contends, Defendant will

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-8161 PSG (MANx) | Date | January 12, 2010 |
|---|---|---|---|
| Title | Summit Entertainment, LLC v. Beckett Media, LLC | | |

suffer insignificant damage as a result of the Court's entering the requested injunction. Plaintiff's suggestion: a bond of $50,000. Defendant is silent on the matter.

The Court therefore finds a bond in the amount of $50,000 to be appropriate in this case.

IV.     Conclusion

For the foregoing reasons, the Court grants Plaintiff's request for a preliminary injunction upon the posting of a bond in the amount of $50,000. Plaintiff is directed to submit a proposed preliminary injunction order consistent with this order within **two days** of the date of entry of this order. Defendant is directed to file any objections within **twenty-four hours** of Plaintiff's filing of the proposed order.


    **IT IS SO ORDERED.**