1  MANATT, PHELPS & PHILLIPS, LLP                E-FILED 01/15/10
   Jill M. Pietrini (Bar No. CA 138335)
2     jpietrini@manatt.com
   Barry E. Mallen (Bar No. CA 120005)
3     bmallen@manatt.com
   Stuart H. Katz (Bar No. CA 226622)
4     skatz@manatt.com
   11355 West Olympic Boulevard
5  Los Angeles, CA  90064-1614
   Telephone:  (310) 312-4000
6  Facsimile:  (310) 312-4224

7  *Attorneys for Plaintiff*
   SUMMIT ENTERTAINMENT, LLC
8

9

10                UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
11                         WESTERN DIVISION
12

13 SUMMIT ENTERTAINMENT, LLC,              Case No. CV09-8161 PSG (MANx)
   a Delaware limited liability company,
14                                          [~~PROPOSED~~] **PRELIMINARY INJUNCTION**
              Plaintiff,
15
       v.
16
   BECKETT MEDIA, LLC., a Delaware
17 Corporation, and Does 1-10, inclusive,

18            Defendants.

19

20      The Court has considered plaintiff Summit Entertainment, LLC's

21 ("Summit") order to show cause re preliminary injunction based on Summit's

22 claims of copyright infringement, trademark infringement, false designation of

23 origin, unfair competition, and breach of contract.  The Court, having heard

24 argument thereon and having considered all papers and admissible evidence filed in

25 support of and in opposition to Summit's order to show cause re preliminary

26 injunction, and having determined that Summit is entitled to a preliminary

27 injunction,

28      IT IS HEREBY ORDERED THAT:

1.     Defendant Beckett Media, LLC ("Defendant") and its subsidiaries, officers, agents, servants, directors, employees, partners, representative, assigns, successors, related companies, and attorneys, and all persons in active concert or participation with Defendant or with any of the foregoing, including Defendant's distributors, be enjoined during the pendency of this case, from:

   a.     Copying, displaying, featuring, or using the content, photographs, poster images, or any other copyrightable subject matter from, related to, or produced or generated in connection with the *Twilight* motion pictures, its sequel *The Twilight Saga: New Moon*, or any other sequels to *Twilight* (collectively the "*Twilight* Motion Pictures"), or engaging in any act in violation of Summit's copyrights.  This paragraph 1.a. shall not preclude the use of Summit's copyrightable subject matter related to the *Twilight* Motion Pictures in a manner that constitutes permissible "fair use" under 17 U.S.C. § 107.

   b.     Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods bearing the TWILIGHT trademark as a word mark or in Summit's stylized mark shown below (collectively "TWILIGHT Marks"):

**Summit's Stylized Mark**

twilight

or any other mark, name, symbol, or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods that Defendant caused to enter the stream of commerce are sponsored, licensed, or endorsed by Summit, are authorized by Summit, or are connected or affiliated in some way with Summit or the *Twilight* Motion Pictures;

   c.     Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods bearing the Twilight Marks or any other mark, name, symbol, or logo that is a copy or colorable

imitation of, incorporates, or is confusingly similar to the Twilight Marks; this paragraph 1.c., however, shall not preclude defendant from displaying advertisements bearing the Twilight Marks when the prospective advertiser is licensed to use such mark;

  d. Representing or implying Summit's endorsement, sponsorship, license, or approval of, or Summit's affiliation with, Defendant's goods;

  e. Representing or implying that Defendant is in any way sponsored by, affiliated with, or endorsed or licensed by Summit; or

  f. Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 1(a) to (e) above.

  2. Summit shall post a bond in the sum of $50,000 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Dated: 01/15/10 _____
             UNITED STATES DISTRICT JUDGE

1  Presented By:

2  MANATT, PHELPS & PHILLIPS, LLP

3

4  By:/s/ Jill M. Pietrini
         Jill M. Pietrini
5        Barry E. Mallen
         Stuart H. Katz
6        *Attorneys for Plaintiff*
         SUMMIT ENTERTAINMENT, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **PROOF OF SERVICE**

I, LaTrina A. Martin, declare as follows:

I am employed in Los Angeles County, Los Angeles, California. I am over the age of eighteen years and not a party to this action. My business address is MANATT, PHELPS & PHILLIPS, LLP, 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On **January 13, 2010**, I served the within: **[PROPOSED] PRELIMINARY INJUNCTION**

on the interested parties in this action addressed as follows:

| | |
|---|---|
| Joel M. Smith, Esq.<br>LEOPOLD, PETRICH & SMITH<br>2049 Century Park E - Suite 3110<br>Los Angeles, CA 90067<br>Phone: (310) 277-3333<br>Fax: (310) 277-7444 | Counsel for Defendant<br>BECKETT MEDIA, LLC<br><br>*[By Facsimile]* |

☐ **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

☒ **(BY FACSIMILE)** By transmitting (or causing to be transmitted) such document(s) by use of facsimile machine telephone number (310) 312-4224 to the parties at the facsimile numbers listed on the attached Proof of Service List. The facsimile machine used complies with California Rules of Court, Rule 2003(3). The transmission was reported as complete and no error was reported by the machine. I caused the transmitting machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **(OVERNIGHT COURIER/FEDERAL EXPRESS)** By placing such document(s) in a sealed envelope, for collection and overnight mailing at Manatt, Phelps & Phillips, LLP, Los Angeles, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of overnight service mailing, said practice being that in the ordinary course of business, correspondence is deposited with the overnight messenger service for delivery as addressed.

☐ **(BY PERSONAL SERVICE)** By causing such document(s) to be delivered by hand, as addressed by delivering same to _____ with instructions that it be personally served.

☐ **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically at [time] from my e-mail address, lmartin@manatt.com at Manatt, Phelps & Phillips, LLP, Los Angeles, California, to the person(s) at the electronic mail addresses listed above. The transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on **January 13, 2010**, at Los Angeles, California.

/s/LaTrina A. Martin
LaTrina A. Martin

300015305.2

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES