JOEL M. SMITH (State Bar No. 050973)
NICHOLAS MORGAN (State Bar No. 241475)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: jsmith@lpsla.com/lpetrich@lpsla.com

Attorneys for Defendant
BECKETT MEDIA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company

Plaintiff,

v.

BECKETT MEDIA, LLC, a Delaware Corporation, and DOES 1-10, inclusive,

Defendants.

**CASE NO.: CV09-8161 PSG (MANx)**

**ANSWER OF DEFENDANT BECKETT MEDIA, LLC TO SECOND AMENDED COMPLAINT OF SUMMIT ENTERTAINMENT, LLC**

**[DEMAND FOR JURY TRIAL]**

Complaint filed November 6, 2009

Defendant Beckett Media, LLC ("Defendant"), for itself and for no other defendant, in response to the Second Amended Complaint of plaintiff Summit Entertainment, LLC ("Plaintiff") admits, alleges and denies as follows:

1. Admits that in Paragraph 1 Plaintiff has pled an Action that would meet the Jurisdictional requirements of this Court.

2. Admits that Paragraph 2 purports to set forth Plaintiff's legal contentions regarding "venue."

3. Denies for lack of sufficient knowledge or information each allegation in Paragraph 3.

4. Admits that Defendant is a Delaware Corporation that has a place of business in Anaheim, California.

5. Denies for lack of sufficient knowledge or information each allegation in Paragraph 5.

6. Denies for lack of sufficient knowledge or information each allegation in Paragraph 6.

7. Denies for lack of sufficient knowledge or information each allegation in Paragraph 7.

8. Denies for lack of sufficient knowledge or information each allegation in Paragraph 8.

9. Admits that Plaintiff was "involved in," and received credit, respecting the movies "*TWILIGHT*" and *"NEW MOON"* and except for those admissions, denies for lack of sufficient knowledge and information the remaining allegations in Paragraph 9, and asserts that the movies "*TWILIGHT*" and *"NEW MOON"* speak for themselves as to their respective content.

10. Denies for lack of sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 10.

11. Denies for lack of sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 11.

12. Deny for lack of sufficient knowledge or information each allegation in Paragraph 12.

13. Admits that, among other things, Defendant is a publisher of sports and entertainment collectibles and memorabilia magazines.

14. Admits that [i] Defendant's magazines are distributed in "various outlets throughout the United States" and [ii] Defendant operates a website at **www.beckett.com**, which speaks for itself as to its content.

15. Admits [i] that Defendant marketed one of its "Teen Sensations" magazines, containing, *inter alia*, reproductions of photographs and a poster (and asserts that the photographs and the poster speak for themselves as to their respective content), [ii] that the word "twilight" appears on the cover of the said magazine and [iii] that the figures "U.S. $9.99" appear on the cover of said magazine and [iv] that Ex. A to Plaintiff's Complaint appears to be a copy of the said magazine, and, except as admitted, denies the remaining allegations in Paragraph 15.

16. Admits [i] that the Plaintiff has used the "font … on the left" and [ii] that the Defendant has used the font "on the right," and, except as admitted, denies the remaining allegations in Paragraph 16.

17. Admits [i] that Defendant received a letter from Plaintiff on or about September 1, 2009 and that Ex. B to Plaintiff's Complaint appears to be a copy of that letter and [ii] that before Defendant was able to respond to said letter, Plaintiff sent a second letter to Defendant, and Ex. C to Plaintiff's Complaint appears to be a copy of that second letter (and asserts that the said letters speak for themselves as to their respective contents), and, except as admitted, denies the remaining allegations in Paragraph 17.

18. Admits that, in or about mid-to-late September, 2009, Defendant's counsel communicated with Plaintiff's counsel regarding the dispute that is the subject of this Action, but denies that the communications are accurately alleged in the Complaint herein and asserts that the contents of the communications are inadmissible, *inter alia*, under Fed. Rules of Evid, § 408.

19. Admits that in late September, 2009, Defendant's counsel contacted Plaintiff's counsel regarding the dispute that is the subject of this Action, but denies that the communications are accurately alleged in the Complaint herein and asserts that the contents of the communications are inadmissible, *inter alia*, under Fed. Rules of Evid, § 408.

20. Admits [i] that, in or about early October 2009, Defendant marketed another one of its "Teen Sensations" magazines, containing, *inter alia*, reproductions of photographs and a poster (and asserts that the photographs and the poster speak for themselves as to their respective content), [ii] that the word "twilight" appears on the cover of the said magazine, [iii] that the figures "U.S. $9.99 ● Can. $14.99" appear on the cover of said magazine and [iv] that Ex. D to Plaintiff's Complaint appears to be a copy of the said magazine, and, except as admitted, denies the remaining allegations in Paragraph 20.

21. Admits [i] that in or about early October, 2009, Defendant's counsel advised Plaintiff's counsel [a] that Defendant's access to Plaintiff's "publicity" website at **www.summitpublicity.com** had been expressly authorized and approved by Plaintiff and [b] that Plaintiff's "publicity" website at www.summitpublicity.com specifically provided downloadable photographs and other artwork relating to the said "*Twilight* Motion Pictures" for use(s) by those who were given access to said site by Plaintiff and Asserts that [iii] the website's "Terms of Use" and contents speaks for themselves, and otherwise denies the allegations of Paragraph 21 and specifically

denies that the Defendant's 'use" of the said website was in any way inconsistent with the so-called "Terms of Use of the Website."

22. Admits [i] that it requested a password and permission to use the website for "newsstand magazine coverage" and [ii] that it was given by Plaintiff a password and permission to use Plaintiff's website, and Asserts that the "Terms of Use" regarding Plaintiff's website speak for itself as to its contents, and Acknowledges that a copy of the Terms of Use of Plaintiff's website appear to be attached as Ex. E to Plaintiff's Complaint, and, except as admitted, Denies the remaining allegations in Paragraph 22 and specifically denies that Defendant's "use" of Plaintiff's "website" was inconsistent with the so-called "Terms of Use" respecting the "website."

23. Denies the allegations in Paragraph 23, and specifically denies that Defendant's conduct "creates the false impression that Summit endorsed, licensed or sponsored" Defendant's magazine.

24. Defendant Admits that it created its said "Teen Sensations" magazine without Plaintiff's prior written approval and Asserts [i] that all "editing, altering and/or modifying [of] Summit's copyright material without Summit's prior written approval," if any, is and was a "fair use" under the United States Copyright Trademark Laws, Asserts that the said "material" speaks for itself as to its contents and, except as admitted, Denies the remaining allegations in Paragraph 24 and specifically denies that Defendant's "use" of Plaintiff's "website" was inconsistent with the so-called "Terms of Use" respecting the "website."

25. Denies that it has used any copyrighted or trademarked material owned by Plaintiff in any form or fashion that [i] was not expressly authorized by Plaintiff, [ii] was not protected by the First Amendment to the United states Constitution and/or [iii] was not a "fair use" under the United States Copyright and Trademark Laws and, except as admitted, Denies the remaining allegations in Paragraph 25.

26. Denies [i] that any of its actions were unlawful and, hence, that any of its actions, in that regard, were "willful" and/or [ii] that it was required to or sought a "license" from Plaintiff to publish its "Teen Sensations" magazines, and Admits [iii] that it utilized, in its "Teen Sensations" publications, materials that had been made available to it by Plaintiff and [iv] that it did not cease publishing its "Teen Sensation" magazines when Plaintiff complained, and Asserts [v] that the contents of the Defendant's "Teen Sensations" magazines speak for themselves as to their respective contents and [vi] that Defendant does not intent to publish any "Twilight Fanzine[s]" as Defendant understands Plaintiff's use of that terminology, but, except as admitted, denies, generally and specifically, each and every remaining allegation and/or contention set out in Paragraph 26.

27. Admits that, in or about October and November of 2009, it offered for sale on ebay printing plates for its "Teen Sensations" magazines and [ii] that copies of the e-bay listing and the listing on Defendant's website for the printing plates appear to be attached collectively as Ex. F to Plaintiff's Complaint.

28. Admits that Curtis nationally distributes magazines and that Beckett engaged Curtis to distribute its "Teen Sensation" magazines. Denies the remaining allegations in Paragraph 28 for lack of information.

29. Denies each allegation in Paragraph 29 for lack of information and knowledge.

30. Denies each allegation in Paragraph 30 for lack of information and knowledge.

31. Defendant repeats and realleges each and every allegation in Paragraphs 1 through 30 above, as though fully set forth herein.

32. Defendant denies the contentions in Paragraph 32.

33. Defendant denies the contentions in Paragraph 33.

34. Defendant denies the contentions in Paragraph 34.

35. Defendant denies the contentions in Paragraph 35.

36. Defendant denies the contentions in Paragraph 36.

37. Defendant denies the contentions in Paragraph 37.

38. Defendant denies the contentions in Paragraph 38, but admits that 15 U.S.C. § 1117 entitles the prevailing party, under certain circumstances and conditions, to an award of attorneys' fees and costs of suit in a copyright infringement action.

39. Defendant repeats and realleges each and every allegation / contention of Paragraphs 1 through 38, above, as though fully set forth herein.

40. Defendant denies the contentions in Paragraph 40.

41. Admits that Curtis distributed "Teen Sensation" magazines. Denies each remaining allegation in Paragraph 41 for lack of information and knowledge.

42. Defendant denies the contentions in Paragraph 42.

43. Defendant denies the contentions in Paragraph 43 and, specifically, denies that Plaintiff has suffered any damage or that it is entitled to an Injunction restraining Defendant from any acts.

44. Defendant generally denies the contentions of Paragraph 44, and specifically denies that Plaintiff is entitled to recover from Defendant any damages.

45. Defendant denies the contentions in Paragraph 45, and in addition, Defendant contends that Plaintiff is not entitled to any of Defendant's gains, profits, and advantages.

46. Defendant denies the contentions in Paragraph 46, and specifically denies that Plaintiff is entitled to an award of punitive damages or any damages at all.

47. Defendant repeats and realleges each and every allegation / contention of Paragraphs 1 through 46 above, as though fully set forth herein.

48. Defendant denies the contentions of Paragraph 48.

49. Defendant denies the contentions of Paragraph 49.

50. Defendant denies the contentions of Paragraph 50.

51. Defendant generally denies the contentions of Paragraph 51, and specifically denies that any of Defendant's acts are likely to damage Plaintiff and that Plaintiff is entitled to a Preliminary and/or Permanent Injunction enjoining Defendant from any acts or conduct in connection with the promotion, advertising and sale of any "goods" by Defendant.

52. Defendant generally denies the contentions of Paragraph 52, and specifically denies that Plaintiff is entitled to recover from Defendant any damages.

53. Defendant generally denies the contentions of Paragraph 53, and specifically denies that Plaintiff is entitled to recover from Defendant any "gains, profits, or advantages" Defendant has obtained as a result of its acts.

54. Defendant denies that Plaintiff is entitled to any of the remedies available under 15 U.S.C. § 1117 and/or § 1118.

55. Defendant repeats and realleges each and every allegation / contention of Paragraphs 1 through 54 above, as though fully set forth herein.

56. Defendant denies the contentions of Paragraph 56 regarding the Content, Photographs, and Poster Images, and asserts that the Photographs, Content, and Poster Images speak for themselves as to their content, and denies for lack of sufficient knowledge or information and belief that any of the Content, Photographs, or Poster Images are "original works of authorship owned by Summit."

57. Defendant denies for lack of sufficient knowledge or information and belief the contentions in Paragraph 57.

58. Defendant denies for lack of sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 58.

59. Defendant admits that Plaintiff maintains a website at www.summitpublicity.com, where various Content, Photographs and Poster Images are available for downloading and duplicating, and that anyone can access the website that [i] has an Internet connection and [ii] is authorized to do so by Plaintiff.

60. Defendant denies, generally and specially, the contentions in Paragraph 60.

61. Defendant generally denies the contentions in Paragraph 61 and specifically denies that it "was … aware … [that its publication of any of its "Teen Sensation" magazines] would constitute copyright infringement."

62. Defendant generally and specially denies the contentions in Paragraph 62, except that Defendant admits that it did not cease publishing its "Teen Sensation" magazines or attempt to recall them immediately upon receipt by Beckett of a letter from Summit's counsel contending that Beckett's magazines "infringed [Summit's] copyrights and trademark rights."

63. Admits that Curtis distributed "Teen Sensation" magazines. Denies each remaining allegation in Paragraph 63 for lack of information and knowledge.

64. Defendant generally denies the contentions in Paragraph 64 and specifically denies that Plaintiff has suffered any damages and/or is entitled to recover any damages, including, without limitation, the "gains, profits and/or advantages" derived by Beckett from its publications and/or statutory damages under the Copyright Act of the United States.

65. Defendant denies the contentions of Paragraph 65.

66. Defendant repeats and realleges each and every allegation of Paragraphs 1 through 65, above, as though fully set forth herein.

67. Defendant denies the contentions of Paragraph 67, generally and specifically.

68. Defendant generally denies the contentions of Paragraph 68 and specifically denies that Plaintiff has been damaged, irreparably or at all, and that Plaintiff is entitled to any relief, particularly: (a) injunctive relief, restraining and enjoining Defendant from any lawful acts; (b) awarding Plaintiff any damages; (c) requiring Defendant to account to Plaintiff for Defendant's profits from the marketing of its "goods"; (d) the award of any of Defendant's profits to Plaintiff; and / or (e) punitive (or any other) damages.

69. Defendant repeats and realleges each and every allegation / contention of Paragraphs 1 through 68, above, as though fully set forth herein.

70. Defendant denies that Defendant and Summit entered into a "contract" and alleges that the "terms of use" that are alleged to be a part of www.summitpublicity.com at the relevant times speak for themselves as to their contents.

71. Defendant denies the contentions of Paragraph 71.

72. Defendant denies that it has a contract with Plaintiff, but asserts that, if there is any such "contract," Defendant did not exceed the scope thereof, and otherwise denies the contentions in Paragraph 72.

73. Defendant admits that, if Plaintiff has been harmed by any such "contract" (as alleged to exist in Paragraphs 70-72), Plaintiff has been harmed by its failure to comply with the terms of any such "contract."

74. Defendant denies that it has breached any contract, and that Plaintiff is entitled to any remedies.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE
**(No Claim Stated)**

75. Plaintiff's Complaint fails to state facts sufficient to constitute a claim for relief against Defendant.

**SECOND AFFIRMATIVE DEFENSE**
**(17 U.S.C. § 412)**

76. To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. § 412, Plaintiff's purported claims for relief are limited and/or barred.

**THIRD AFFIRMATIVE DEFENSE**
**(17 U.S.C. § 411 (a))**

77. To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. § 411 (a), Plaintiff's purported claims for relief are barred.

**FOURTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

78. Plaintiff's purported claims for relief are barred in whole or in part by reason of its unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

79. Plaintiff's purported claims for relief are barred in whole or in part because of Plaintiff's lack of standing to prosecute its claims.

**SIXTH AFFIRMATIVE DEFENSE**
**(Fair Use)**

80. To the extent any such "use" occurred, which Defendant denies, but here assumes merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of fair use.

**SEVENTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

81. To the extent any such "use" occurred, which Defendant denies, but here assumes merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part because the purported use of Plaintiff's purportedly copyrightable materials constituted a use protected by the First Amendment to the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**
**(De Minimis Use)**

82. To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of ***de minimis*** use.

**NINTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

83. To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part because Defendant's use was not willful.

**TENTH AFFIRMATIVE DEFENSE**
**(Statue of Limitations)**

84. Plaintiff's claim for relief is barred and limited by the provisions of 17 U.S.C. § 507.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Protectability)**

85. To the extent that Plaintiff relied on facts or purported facts, ideas, scenes-a-faire, clichés and conventions of story telling, its claims are barred.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Laches)**

86. Plaintiff's purported claims and any prayer for relief based thereon or otherwise are barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

87. Plaintiff's purported claims and any prayer for relief based thereon or otherwise are barred by waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

88. Plaintiff's purported claims and any prayer for relief based thereon or otherwise are barred by the principle of estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Consent)**

89. To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claim and any prayer for relief based thereon or otherwise are barred in whole or in part because Plaintiff expressly or impliedly consented to the complained of conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

90. After the occurrence of the alleged loss and damage to Plaintiff, Plaintiff failed and refused to mitigate its damages, and by reason thereof, is barred from recovery from Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Proof of Copying of Protectable Expression)**

91. The First Amendment to the United States Constitution requires that Plaintiff must prove by clear and convincing evidence that Defendant has copied protectible expression from Plaintiff's work.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Proof of Allocating Defendant's Profits)**

92. The First Amendment to the United States Constitution requires that Plaintiff, not Defendant, must meet its burden of proving by clear and convincing evidence that proportion, if any, of Defendant's profits that is allocable to the alleged infringement by Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(License)**

93. To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claim and any prayer for relief based thereon or otherwise are barred in whole or in part because Plaintiff expressly or impliedly granted a license to the complained of conduct.

///

///

///

///

///

///

///

///

WHEREFORE, Defendant prays as follows:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing herein;

2. That Defendant be awarded its costs of suit, including its reasonable attorneys' fees, incurred in defense of this action; and

3. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: July 30, 2010

LEOPOLD, PETRICH & SMITH
A Professional Corporation

By:_/s/ - *Nicholas Morgan*

Joel McCabe Smith
Nicholas Morgan
Attorneys for Defendant
Beckett Media, LLC

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274**.

On July 30, 2010, I served the foregoing document described as ANSWER OF BECKETT MEDIA, LLC TO SECOND AMENDED COMPLAINT OF SUMMIT ENTERTAINMENT, LLC [DEMAND FOR JURY TRIAL] on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 30, 2010, at Los Angeles, California.

Stella D. Pavluk

**SERVICE LIST**

| | |
|---|---|
| Jill M. Pietrini<br>Barry E. Mallen<br>Kathryn A. Vaclavik<br>Stuart H. Katz<br>MANATT, PHELPS & PHILLIPS, LLP<br>11355 West Olympic Blvd.<br>Los Angeles, CA 90064<br>Tel: 310-312-4000<br>Fax: 310-312-4224 | Attorneys for Plaintiff |