JOEL M. SMITH (State Bar No. 050973)
NICHOLAS MORGAN (State Bar No. 241475)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: jsmith@lpsla.com/lpetrich@lpsla.com

Attorneys for Defendant
BECKETT MEDIA, LLC and
UBIQUITY DISTRIBUTORS INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>BECKETT MEDIA, LLC, a Delaware Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO.: CV09-8161 PSG (MANx)**<br><br>**ANSWER OF DEFENDANT UBIQUITY DISTRIBUTORS INC. TO SECOND AMENDED COMPLAINT OF SUMMIT ENTERTAINMENT, LLC**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Complaint filed November 6, 2009 |

Defendant Ubiquity Distributors Inc. ("Defendant"), for itself and for no other defendant, in response to the Second Amended Complaint of plaintiff Summit Entertainment, LLC ("Plaintiff") admits, alleges and denies as follows:

1. Admits that in Paragraph 1 Plaintiff has pled an Action that would meet the Jurisdictional requirements of this Court.

2. Admits that Paragraph 2 purports to set forth Plaintiff's legal contentions regarding "venue."

3. Denies for lack of sufficient knowledge or information each allegation in Paragraph 3.

4. Denies for lack of sufficient knowledge or information each allegation in Paragraph 4.

5. Denies for lack of sufficient knowledge or information each allegation in Paragraph 5.

6. Admits each allegation in Paragraph 6.

7. Denies for lack of sufficient knowledge or information each allegation in Paragraph 7.

8. Denies for lack of sufficient knowledge or information each allegation in Paragraph 8.

9. Admits that Plaintiff was "involved in," and received credit, respecting the movies *"TWILIGHT"* and *"NEW MOON"* and except for those admissions, denies for lack of sufficient knowledge and information the remaining allegations in Paragraph 9, and asserts that the movies *"TWILIGHT"* and *"NEW MOON"* speak for themselves as to their respective content.

10. Denies for lack of sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 10.

11. Denies for lack of sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 11.

12. Deny for lack of sufficient knowledge or information each allegation in Paragraph 12.

13. Admits that, among other things, Defendant is a publisher of sports and entertainment collectibles and memorabilia magazines.

14. Denies for lack of sufficient knowledge or information each allegation in Paragraph 14.

15. Admits [i] that one of Beckett's "Teen Sensations" magazines, contained, *inter alia*, reproductions of photographs and a poster (and asserts that the photographs and the poster speak for themselves as to their respective content), [ii] that the word "twilight" appears on the cover of the said magazine and [iii] that the figures "U.S. $9.99" appear on the cover of said magazine and [iv] that Ex. A to Plaintiff's Complaint appears to be a copy of the said magazine, and, except as admitted, denies the remaining allegations in Paragraph 15.

16. Admits that Beckett's magazine used the font "on the right," and, except as admitted, denies the remaining allegations in Paragraph 16.

17. Denies for lack of sufficient knowledge or information each allegation in Paragraph 17.

18. Denies for lack of sufficient knowledge or information each allegation in Paragraph 18.

19. Denies for lack of sufficient knowledge or information each allegation in Paragraph 19.

20. Admits [i] that Beckett marketed another one of its "Teen Sensations" magazines, containing, *inter alia*, reproductions of photographs and a poster (and asserts that the photographs and the poster speak for themselves as to their respective content), [ii] that the word "twilight" appears on the cover of the said magazine, [iii] that the figures "U.S. $9.99 ● Can. $14.99" appear on the cover of said magazine and [iv] that Ex. D to Plaintiff's Complaint appears to be a copy of the said magazine, and,

except as admitted, denies the remaining allegations in Paragraph 20.

21.　Denies for lack of sufficient knowledge or information each allegation in Paragraph 21.

22.　Denies for lack of sufficient knowledge or information each allegation in Paragraph 22.

23.　Denies the allegations in Paragraph 23.

24.　Denies for lack of sufficient knowledge or information each allegation in Paragraph 24.

25.　Denies for lack of sufficient knowledge or information each allegation in Paragraph 25.

26.　Denies for lack of sufficient knowledge or information each allegation in Paragraph 26.

27.　Denies for lack of sufficient knowledge or information each allegation in Paragraph 27.

28.　Admits that Ubiquity is a distributor of magazines.  Admits that Ubiquity distributed some of Beckett's "Teen Sensations Presents: Twilight" magazines. Denies the remaining allegations in Paragraph 28 for lack of information.

29.　Denies that Ubiquity had "knowledge of the TWILIGHT marks."  Denies each remaining allegation in Paragraph 29 for lack of information and knowledge.

30.　Denies each allegation in Paragraph 30.

31.　Defendant repeats and realleges each and every allegation in Paragraphs 1 through 30 above, as though fully set forth herein.

32.　Defendant denies the contentions in Paragraph 32.

33.　Defendant denies the contentions in Paragraph 33.

34.　Defendant denies the contentions in Paragraph 34.

35.　Defendant denies the contentions in Paragraph 35.

36.　Defendant denies the contentions in Paragraph 36.

37. Defendant denies the contentions in Paragraph 37.

38. Defendant denies the contentions in Paragraph 38.

39. Defendant repeats and realleges each and every allegation / contention of Paragraphs 1 through 38, above, as though fully set forth herein.

40. Defendant denies the contentions in Paragraph 40.

41. Admits that Ubiquity distributed some of the "Teen Sensation" magazines. Denies each remaining allegation in Paragraph 41 for lack of information and knowledge.

42. Defendant denies the contentions in Paragraph 42.

43. Defendant denies the contentions in Paragraph 43.

44. Defendant denies the contentions of Paragraph 44.

45. Defendant denies the contentions in Paragraph 45.

46. Defendant denies the contentions in Paragraph 46.

47. Defendant repeats and realleges each and every allegation / contention of Paragraphs 1 through 46 above, as though fully set forth herein.

48. Defendant denies the contentions of Paragraph 48.

49. Defendant denies the contentions of Paragraph 49.

50. Defendant denies the contentions of Paragraph 50.

51. Defendant denies the contentions of Paragraph 51.

52. Defendant generally denies the contentions of Paragraph 52, and specifically denies that Plaintiff is entitled to recover from Defendant any damages.

53. Defendant generally denies the contentions of Paragraph 53, and specifically denies that Plaintiff is entitled to recover from Defendant any "gains, profits, or advantages" Defendant has obtained as a result of its acts.

54. Defendant denies that Plaintiff is entitled to any of the remedies available under 15 U.S.C. § 1117 and/or § 1118.

55. Defendant repeats and realleges each and every allegation / contention of

Paragraphs 1 through 54 above, as though fully set forth herein.

56. Defendant denies the contentions of Paragraph 56 for lack of sufficient knowledge or information.

57. Defendant denies for lack of sufficient knowledge or information and belief the contentions in Paragraph 57.

58. Defendant denies for lack of sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 58.

59. Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 59.

60. Defendant denies the contentions in Paragraph 60.

61. Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 61.

62. Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 62.

63. Admits that Ubiquity distributed "Teen Sensation" magazines. Denies each remaining allegation in Paragraph 63 for lack of information and knowledge.

64. Defendant generally denies the contentions in Paragraph 64 and specifically denies that Plaintiff has suffered any damages and/or is entitled to recover any damages, including, without limitation, the "gains, profits and/or advantages" derived by Beckett from its publications and/or statutory damages under the Copyright Act of the United States.

65. Defendant denies the contentions of Paragraph 65.

66. Defendant repeats and realleges each and every allegation of Paragraphs 1 through 65, above, as though fully set forth herein.

67. Defendant denies the contentions of Paragraph 67, generally and specifically.

68. Defendant generally denies the contentions of Paragraph 68 and

specifically denies that Plaintiff has been damaged, irreparably or at all, and that Plaintiff is entitled to any relief, particularly: (a) injunctive relief, restraining and enjoining Defendant from any lawful acts; (b) awarding Plaintiff any damages; (c) requiring Defendant to account to Plaintiff for Defendant's profits from the marketing of its "goods"; (d) the award of any of Defendant's profits to Plaintiff; and / or (e) punitive (or any other) damages.

69.     Defendant repeats and realleges each and every allegation / contention of Paragraphs 1 through 68, above, as though fully set forth herein.

70.     Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 70.

71.     Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 71.

72.     Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 72.

73.     Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 73.

74.     Defendant denies for lack of sufficient knowledge or information each allegation in Paragraph 74.

## **Affirmative Defenses**

### **FIRST AFFIRMATIVE DEFENSE**
**(No Claim Stated)**

75.     Plaintiff's Complaint fails to state facts sufficient to constitute a claim for relief against Defendant.

### **SECOND AFFIRMATIVE DEFENSE**
**(17 U.S.C. § 412)**

76.     To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. § 412, Plaintiff's purported claims for relief are limited and/or barred.

### THIRD AFFIRMATIVE DEFENSE
### (17 U.S.C. § 411 (a))

77.     To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. § 411 (a), Plaintiff's purported claims for relief are barred.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

78.     Plaintiff's purported claims for relief are barred in whole or in part by reason of its unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

79.     Plaintiff's purported claims for relief are barred in whole or in part because of Plaintiff's lack of standing to prosecute its claims.

### SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

80.     To the extent any such "use" occurred, which Defendant denies, but here assumes merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of fair use.

### SEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

81.     To the extent any such "use" occurred, which Defendant denies, but here assumes merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part because the purported use of Plaintiff's purportedly copyrightable materials constituted a use protected by the First Amendment to the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE
### (De Minimis Use)

82. To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of *de minimis* use.

## NINTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

83. To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claims for relief are barred in whole or in part because Defendant's use was not willful.

## TENTH AFFIRMATIVE DEFENSE
### (Statue of Limitations)

84. Plaintiff's claim for relief is barred and limited by the provisions of 17 U.S.C. § 507.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Protectability)

85. To the extent that Plaintiff relied on facts or purported facts, ideas, scenes-a-faire, clichés and conventions of story telling, its claims are barred.

## TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

86. Plaintiff's purported claims and any prayer for relief based thereon or otherwise are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

87.	Plaintiff's purported claims and any prayer for relief based thereon or otherwise are barred by waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Estoppel)

88.	Plaintiff's purported claims and any prayer for relief based thereon or otherwise are barred by the principle of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Consent)

89.	To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claim and any prayer for relief based thereon or otherwise are barred in whole or in part because Plaintiff expressly or impliedly consented to the complained of conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

90.	After the occurrence of the alleged loss and damage to Plaintiff, Plaintiff failed and refused to mitigate its damages, and by reason thereof, is barred from recovery from Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Proof of Copying of Protectable Expression)

91.	The First Amendment to the United States Constitution requires that Plaintiff must prove by clear and convincing evidence that Defendant has copied protectible expression from Plaintiff's work.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Proof of Allocating Defendant's Profits)

92. The First Amendment to the United States Constitution requires that Plaintiff, not Defendant, must meet its burden of proving by clear and convincing evidence that proportion, if any, of Defendant's profits that is allocable to the alleged infringement by Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE
(License)

93. To the extent any such "use" occurred, which Defendant denies, but here assume merely for the sake of argument, Plaintiff's purported claim and any prayer for relief based thereon or otherwise are barred in whole or in part because Plaintiff expressly or impliedly granted a license to the complained of conduct.

WHEREFORE, Defendant prays as follows:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing herein;

2. That Defendant be awarded its costs of suit, including its reasonable attorneys' fees, incurred in defense of this action; and

3. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: August 16, 2010          LEOPOLD, PETRICH & SMITH
                                A Professional Corporation


                                By:_/s/ - *Nicholas Morgan*
                                _____
                                Joel McCabe Smith
                                Nicholas Morgan
                                Attorneys for Defendant
                                Beckett Media, LLC