1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company, Plaintiff, v. BECKETT MEDIA, LLC., a Delaware Corporation, and Does 1-10, inclusive, Defendants. | Case No. CV09-8161 PSG (MANx) **ORDER RE: STIPULATED PROTECTIVE ORDER** |
|---|---|

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties Stipulated Protective Order, filed on July 7, 2010, the terms of the Stipulated Protective Order are adopted as a protective order of this Court except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraphs 6(b), 7(c), and 12 of the Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential" or "Confidential – Outside Counsel Only" does not, in and of itself, create any entitlement to file such information, document,

or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential" or "Confidential – Outside Counsel Only" is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential" or "Confidential – Outside Counsel Only" does not -- without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting

only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## TERMS OF STIPULATED PROTECTIVE ORDER

1. Any confidential information or documents produced by or on behalf of any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Confidential – Outside Counsel Only" (referred to herein as "Outside Counsel Only"). As a general guideline, any information that is publicly available should not be designated as "Confidential" or "Outside Counsel Only." A document should be designated "Confidential" when it contains or reflects confidential business information, relating to but not limited to information, which the disclosing party or non-party believes in good faith contains, constitutes or reveals confidential commercial information, non-public financial information relating to pricing, gross revenue and profits for products, or other information of a confidential, proprietary, private or personal nature.

2. Information or documents designated "Outside Counsel Only" shall be limited to trade secrets or other confidential commercial information, including without limitation information that the disclosing party or non-party believes in good faith will result in competitive disadvantage or harm if disclosed to another party or third party to this action, and shall include, without limitation, marketing plans or strategies, business plans, pricing plans, strategic plans, license agreements or negotiations, distribution agreements, manufacturing agreements, manufacturing processes, engineering and manufacturing drawings, employee files, merchandising, research and development of products and technical matters not yet released or sold, financial information or projections, including, without limitation,

budgets, net worth, identity of shareholders, or other documents relating to total revenue earned, and asset information that is not public knowledge.

3. Information designated "Confidential" and "Outside Counsel Only" may be used only in connection with this proceeding, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Protective Order.

4. Any party or non-party wishing to come within the provisions of this Protective Order may designate in writing the documents (as defined in Fed. R. Civ. P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers confidential at the time the documents are produced. Each page of the document must be marked "Confidential" or "Outside Counsel Only" by the producing party, and any confidential documents exchanged prior to this Protective Order being entered by the Court shall, within a reasonable time hereafter, be so marked on each such page, if such markings do not include every such page. It is the intent of the parties that each document previously designated as "Confidential" and "Outside Counsel Only" and transmitted to the respective other party, including any such documents and information exchanged for settlement purposes, are to be covered by this Protective Order. "Confidential" and "Outside Counsel Only" documents or things that cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving party in writing.

5. In the instance of deposition testimony, the witness under deposition or his counsel shall invoke the provisions of this Protective Order in a timely manner and designate the level of restriction. During the deposition, parties shall be excluded from testimony designated "Outside Counsel Only." The witness under deposition or his counsel shall have the right, within fifteen days of receiving a

transcript of the deposition, to designate, or change, the confidentiality designation of the transcript or portions thereof.  For depositions with some confidential and some non-confidential documents or testimony, a separate confidential transcript, apart from the usual transcript, shall be prepared by the court reporter.  Counsel for the party asserting that certain documents or testimony is confidential shall endeavor to characterize the level of confidentiality for the confidential material or testimony during the deposition.

6. Any documents, discovery responses, or deposition transcripts stamped or marked "Outside Counsel Only," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "Outside Counsel Only" may be made available only to:

    a. Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

    b. Judges, law clerks, and other personnel of the Court in which this proceeding is pending;

    c. Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party ten days prior to disclosure to such expert;

    d. Court reporters and their staff that are required to transcribe testimony; and

    e. Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders, and keyboard operators.

Notwithstanding the provisions of Paragraph 6, specifically identified information, documents, testimony, or other confidential materials marked "Outside Counsel Only" may be disclosed to principals or general counsel of the receiving party, provided the disclosing party or its counsel so authorizes in writing, and only

in the manner and to the extent so authorized. The parties recognize that the disclosure of such confidential material to the principals or general counsel of the parties may be critical to the ability to proceed in this case and analyze and participate in settlement discussions. For this reason, the parties shall not unreasonably withhold their consent under this Paragraph 6.

7. Any documents, discovery responses, or deposition transcripts stamped "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

    a. Representatives of the parties on a need to know basis;

    b. Attorneys of record for the receiving party and employees of such attorneys on a need to know basis;

    c. Judges, law clerks, and other personnel of the Court in which this proceeding is pending;

    d. Independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party, and whom the receiving party identifies to the producing party seven days prior to disclosure to such expert;

    e. Court reporters and their staff that are required to transcribe testimony; and

    f. Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders, and keyboard operators.

8. Written notice of intention to provide information or documents to experts pursuant to Paragraphs 6(c) and 7(d), shall be provided by facsimile or email seven days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made, and that person's occupation and employer. If there is a written objection within the seven-day

period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information or documents, but shall have the right to bring the dispute before the Court for resolution. The parties shall not unreasonably object to the disclosure of information and documents to experts pursuant to Paragraph 6(c) and 7(d). The party objecting to the disclosure shall have the burden of showing why the information or documents should not be disclosed to the identified expert. The parties further agree that an expert whose identity is disclosed pursuant to this paragraph cannot be deposed regarding any subject related to this litigation, unless the expert has been designated as a testifying expert by the retaining party, and then in a manner consistent with the Federal Rules of Civil Procedure governing expert discovery.

9. For purposes of this Protective Order, an expert witness shall not be deemed to be "independent" if he is (a) a party to this litigation, or an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a party to this litigation, or a party's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity, or affiliate; or (b) an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a direct competitor to a party to this litigation, or the competitor's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity, or affiliate.

10. Each person permitted by the parties or their counsel to have access to designated information or documents under the terms of this Protective Order (other than the persons identified in Paragraphs 6(a), 6(b), 6(d), and 6(e) and 7(b), 7(c), 7(e), and 7(f) shall, prior to being given such access, be provided with a copy of this Protective Order for review. Upon receiving this Protective Order, each person

shall sign a statement in the form of **Exhibit A** hereto indicating that he has read the Protective Order and agrees to comply with its terms.

11. The restrictions set forth in this Protective Order shall not apply to information that is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or its agents that would be in violation of this Protective Order.

12. Any document or evidence that is designated as containing "Confidential" or "Outside Counsel Only" information and that a party wishes to file with the Court shall be presented to the Court along with a written application and proposed order for filing under seal according to the procedures set forth in Local Civil Rule 79-5.1. Furthermore, any such document or evidence so presented to the Court shall be placed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the instant action, and a statement substantially in following form:

CONFIDENTIAL

This document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order.

Any other party shall be permitted to file a supporting or supplemental brief within four business days of the initial application or motion for filing under seal being filed.

13. If, at any time during the preparation for trial, any party believes that any other party or non-party has improperly designated certain information as

"Confidential" or "Outside Counsel Only" or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be excluded from the provisions of this Protective Order or be available to specified other persons. It shall be the burden of the party that makes the designation to demonstrate that the material or information at issue was properly designated. It shall be the burden of the party seeking the disclosure to persons other than those designated in this Protective Order to show that such disclosure is necessary.

14.   In the event that a party is served with a subpoena by any person, firm, corporation, or other entity that is not a party to this action, is not a signatory to this Protective Order or otherwise is not bound by this Protective Order, that seeks to compel production of "Confidential" or "Outside Counsel Only" information or documents, the party upon whom the subpoena is served shall give written notice of the subpoena to the party that has asserted that the information or documents subject to the subpoena are "Confidential" or "Outside Counsel Only." The written notice required by this paragraph shall be given no later than seven days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier. The party who designated the subject information or documents as "Confidential" or "Outside Counsel Only" shall have the responsibility to obtain an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena,

discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Protective Order.

15.   The Protective Order may be modified only in writing by the parties and approved by an order of the Court, or by motion to the Court.

16.   In the event that this case proceeds to trial, the parties shall take the necessary steps to maintain the confidentiality of the information or documents designated as "Confidential" or "Outside Counsel Only."

17.   Upon termination of this proceeding, unless the attorneys of record otherwise agree in writing, each party shall: (a) assemble and return all designated materials, including copies, to the person(s) and entity(ies) from whom the material was obtained, or (b) destroy all designated materials and provide the other party with written certification that such destruction was made. The attorney of record may retain one copy of any designated materials, to be kept confidentially, and retain all copies of designated materials containing attorney work product information.

18.   In the event any party discloses material containing confidential information, but that such party inadvertently did not designate as "Confidential" or

"Outside Counsel Only," the receiving party agrees, upon request by the disclosing party, to return the un-designated material promptly, for reproduction by the disclosing party with the appropriate confidentiality, or to mark the material directly with the confidentiality designation requested by the disclosing party.

19. This Protective Order shall not prejudice the right of any party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

**IT IS SO ORDERED.**

Dated: October 6, 2010

_____
Margaret A. Nagle
United States Magistrate Judge

# EXHIBIT A
## CONFIDENTIALITY AGREEMENT FOR OTHERS

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Outside Counsel Only" within the terms of the Protective Order entered in the U.S. District Court, Central District of California, case entitled *Summit Entertainment, LLC v. Beckett Media, LLC*, Case No. CV09-8161 PSG (MANx).

2. I have read the aforementioned Protective Order, and agree to be bound by it.

3. I declare the foregoing is true under penalty of perjury under the laws of the United States of America.

Dated:_____

Name:_____