Dechert LLP
Jill Kopeikin
2440 West El Camino Real, Suite 700
Mountain View, CA  94040-1499
Telephone:  +1  650  813  4800
Facsimile:   +1  650  813  4848
Email:         jill.kopeikin@dechert.com

Attorneys for Defendant
CURTIS CIRCULATION COMPANY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BECKETT MEDIA, LLC, CURTIS CIRCULATION COMPANY, LLC, UBIQUITY DISTRIBUTORS, INC.,<br><br>Defendants. | Case No.  CV09-8161 PSG (MANx)<br><br>DEFENDANT CURTIS CIRCULATION LLC'S ANSWER TO SECOND AMENDED COMPLAINT<br><br>[DEMAND FOR JURY TRIAL]<br><br>**Complaint Filed November 6, 2009**<br><br>**Second Amended Complaint Filed July 9, 2010** |

Defendant, Curtis Circulation Company, LLC ("Curtis"), by its attorneys, Dechert LLP, hereby answers the numbered paragraphs of the Second Amended Complaint for False Designation of Origin, Trademark Infringement, Trademark Dilution, Copyright Infringement, Unfair Competition, and Breach of Contract, as follows:

**JURISDICTION**

1.     The allegations in the first numbered paragraph constitute conclusions of law to which no response is required, and are therefore denied.

DECHERT LLP
ATTORNEYS AT LAW
SILICON VALLEY

CURTIS CIRCULATION LLC'S ANSWER TO SECOND
AMENDED COMPLAINT; CASE NO. CV09-8161 PSG (MANx)

13874171

2. Curtis admits that the allegations of paragraph two if proven give rise to venue, but lacks sufficient knowledge or information to admit or deny such allegations and on that basis they are therefore denied. In the alternative, these allegations in the second numbered paragraph constitute conclusions of law to which no response is required, and they are denied.

## PARTIES

3. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the third numbered paragraph, and they are therefore denied.

4. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the fourth numbered paragraph, and they are therefore denied.

5. Curtis admits that it is a Delaware limited liability company, and that Curtis maintains its executive offices in Milford, New Jersey.

6. Curtis lacks sufficient knowledge or information to admit or deny the truth of the allegations in the sixth numbered paragraph, and they are therefore denied.

7. Curtis admits that Summit apparently is a participant in the motion picture industry. As for the balance of the allegations of seventh numbered paragraph, Curtis lacks sufficient knowledge or information to admit or deny such allegations, and they are therefore denied.

8. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the eighth numbered paragraph, and they are therefore denied.

9. Curtis admits that the movie Twilight included the characters "Bella" Swan (a teenage girl), Edward Cullen (a vampire) and Jacob Black (a werewolf). Curtis further admits that plaintiff was involved with the Twilight and New Moon motion pictures. Except as expressly admitted, Curtis lacks sufficient knowledge or information to admit or deny the balance of the allegations in the ninth numbered paragraph, and they are therefore denied.

10. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the tenth numbered paragraph, and they are therefore denied. As to the allegations of ownership, those call for conclusions of law to which no response is required, and they are therefore denied.

11. Curtis lacks sufficient knowledge or information sufficient to admit or deny the allegations in the eleventh numbered paragraph, and they are therefore denied.

12. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the twelfth numbered paragraph, and they are therefore denied.

13. Curtis admits upon information and belief that Beckett Media, LLC is a publisher of sports and entertainment magazines. Except as expressly admitted, Curtis lacks sufficient knowledge or information sufficient to admit or deny the allegations in the thirteenth numbered paragraph, and they are therefore denied.

14. Curtis admits that magazines published by Beckett Media, LLC are distributed in various outlets throughout the United States, including newsstands, bookstores, grocery stores and drugstores. Curtis lacks sufficient knowledge or information to admit or deny the remaining allegations in the fourteenth numbered paragraph, and they are therefore denied.

15. Curtis lacks sufficient information to admit or deny the allegations of paragraph 15 concerning the discovery of information by Summit. Curtis admits that Beckett published a magazine entitled Beckett Teen Sensations presents, "twilight," that the document attached as Exhibit A to the Second Amended Complaint on its face appears consistent with the magazine issue published by Beckett, that the exhibit on its face lists a price of $9.99, and that the contents of the document attached as Exhibit A speak for themselves. Except as expressly admitted, Curtis lacks sufficient knowledge or information to admit or deny the remaining allegations in the fifteenth numbered paragraph, and they are therefore denied. In the alternative, Defendant states that the remaining allegations in the

1  fifteenth numbered paragraph constitute conclusions of law to which no response is
2  required, and they are denied.

3     16.   Curtis lacks sufficient knowledge or information to admit or deny the
4  allegations in the sixteenth numbered paragraph, and they are therefore denied. In
5  the alternative, Defendant states that the allegations in the sixteenth numbered
6  paragraph constitute expert analysis and conclusions of law to which no response is
7  required, and they are therefore denied.

8     17.   Curtis admits that the document attached as Exhibit B to the Second
9  Amended Complaint on its face appears to be a letter dated September 1, 2009 from
10  counsel for Plaintiff Summit Entertainment LLC to the CEO of Defendant Beckett
11  Media LLC, and admits that the document attached as Exhibit C to the Second
12  Amended Complaint on its face appears to be a letter dated September 17, 2009
13  from counsel for Plaintiff Summit Entertainment LLC to the CEO of Defendant
14  Beckett Media LLC, but demands strict proof thereof. Curtis lacks sufficient
15  knowledge or information to admit or deny the remaining allegations in the
16  seventeenth numbered paragraph, and they are therefore denied.

17     18.   Curtis lacks sufficient knowledge or information to admit or deny the
18  allegations in the eighteenth numbered paragraph, and they are therefore denied.

19     19.   Curtis lacks sufficient knowledge or information to admit or deny the
20  allegations in the nineteenth numbered paragraph, and they are therefore denied.

21     20.   Curtis admits that the document attached as Exhibit D to the Second
22  Amended Complaint appears to be an issue of a magazine entitled Beckett Teen
23  Sensations present, "twilight," that the document attached as Exhibit D to the
24  Second Amended Complaint on its face appears consistent with the magazine issue
25  published by Beckett, that the exhibit on its face lists a price of $9.99, and that the
26  contents of the document attached as Exhibit D speak for themselves. Except as
27  expressly admitted, Curtis lacks sufficient knowledge or information to admit or
28  deny the remaining allegations in the fifteenth numbered paragraph, and they are

1  therefore denied.  In the alternative, Defendant states that the remaining allegations
2  in the fifteenth numbered paragraph constitute conclusions of law to which no
3  response is required, and they are denied.
4       21.    Curtis denies that it has "merchandise[d] the Twilight Motion
5  Pictures" as alleged in the fifth sentence of the twenty-first numbered paragraph.
6  Curtis lacks sufficient knowledge or information to admit or deny the remaining
7  allegations in the twenty-first numbered paragraph, and they are therefore denied.
8  In the alternative, Defendant states that the allegations in the twenty-first numbered
9  paragraph constitute conclusions of law to which no response is required, and they
10  are therefore denied.
11       22.    Curtis lacks sufficient knowledge or information to admit or deny the
12  allegations in the twenty-second numbered paragraph, and they are therefore
13  denied.  Curtis further responds that the allegations concerning the scope and effect
14  of the alleged terms of use call for conclusions of law to which no response is
15  required, and they are therefore denied.
16       23.    Curtis denies the allegations of the twenty-third numbered paragraph.
17  In the alternative, Curtis responds that the allegations in the twenty-third numbered
18  paragraph constitute conclusions of law to which no response is required, and they
19  are denied.
20       24.    Curtis lacks sufficient knowledge or information to admit or deny the
21  allegations in the twenty-fourth numbered paragraph, and they are therefore denied.
22       25.    Curtis lacks sufficient knowledge or information to admit or deny the
23  allegations in the twenty-fifth numbered paragraph, and they are therefore denied.
24       26.    Curtis lacks sufficient knowledge or information to admit or deny the
25  allegations in the twenty-sixth numbered paragraph, and they are therefore denied.
26  Curtis further responds that the assertion of alleged willfulness on the part of
27  Beckett constitutes a conclusion of law to which no response is required, and denies
28  that allegation on this further ground.

27. To the extent the reference to "Defendant's website" (at line 1 on page 9, within the twenty-seventh paragraph) was intended to be a reference to Curtis, Curtis responds that Curtis denies that such printing plates were sold on a Curtis website. Curtis lacks sufficient knowledge or information to admit or deny the balance of allegations of the twenty-seventh numbered paragraph, and they are therefore denied.

28. Curtis admits that it has the title of and functions as what is called in the industry a "national distributor" of magazines, but denies any allegation, implication or suggestion that merely having this title means that it provides services or engages in conduct that give rise to liability under the Copyright Act, Lanham Act or any of the other statutes of laws relied on by Summit for its claims. Curtis further admits that it provided certain specific services, acting as what is called a "national distributor," to Beckett for the Beckett Teen Sensations presents title under which Beckett published two releases or issues focusing on Twilight, but denies any allegation, implication or suggestion that such services actually provided by Curtis give rise to liability under the Copyright Act, Lanham Act or any of the other statutes of laws relied on by Summit for its claims. Curtis further responds that what constitutes "distribution" under the Copyright Act is a conclusion of law to which no response is required, and which is therefore denied. Curtis further admits that Defendant Ubiquity Distributors, Inc. is a wholesaler of magazines, which acquired copies of the Twilight issues published by Beckett under the Teen Sensations presents title and upon information and belief provided those magazine issues to retailer entities. Curtis lacks sufficient knowledge or information to admit or deny the remaining allegations in the twenty-eighth numbered paragraph, and they are therefore denied.

29. Curtis lacks sufficient knowledge or information to admit or deny the allegations concerning Defendant Ubiquity Distributors, Inc. in the twenty-ninth

numbered paragraph, and they are therefore denied. Curtis denies the remaining allegations in the twenty-ninth numbered paragraph.

30. Curtis lacks sufficient knowledge or information to admit or deny the allegations concerning Defendant Ubiquity Distributors, Inc. in the thirtieth numbered paragraph, and they are therefore denied. Curtis specifically denies that Curtis knowingly and willfully distributed magazines as alleged in the thirtieth numbered paragraph, and denies the remaining allegations in the thirtieth numbered paragraph.

31. Defendant's responses to Paragraphs 1 through 30 are incorporated by reference with respect to its responses to the First Cause of Action set forth in the Second Amended Complaint.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendant's responses to Paragraphs 1 through 38 are incorporated by reference with respect to its responses to the Second Cause of Action set forth in the Second Amended Complaint.

40. Denied.

41. Curtis admits that it provided certain specific services, acting as what is called a "national distributor," to Beckett for the Beckett Teen Sensations presents title under which Beckett published two releases or issues focusing on Twilight, but denies any allegation, implication or suggestion that such services actually provided by Curtis give rise to liability under the Copyright Act, Lanham Act or any of the other statutes of laws relied on by Summit for its claims. Curtis

specifically denies that it "distributed" the Twilight Fanzines as alleged in the forty-first numbered paragraph, and denies the remaining allegations in the forty-first numbered paragraph for lack of sufficient knowledge or information to admit or deny.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Curtis' responses to Paragraphs 1 through 46 are incorporated by reference with respect to its responses to the Third Cause of Action set forth in the Second Amended Complaint.

48. Curtis denies the allegations of paragraph 48

49. Denied.

50. Denied.

51. Denied.

52. Curtis generally denies the contentions of Paragraph 52, and specifically denies that Plaintiff is entitled to recover from Curtis any damages.

53. Curtis generally denies the contentions of Paragraph 53, and specifically denies that Plaintiff is entitled to recover from Curtis any "gains, profits, or advantages" Curtis has allegedly obtained as a result of its acts.

54. Curtis denies that Plaintiff is entitled to any of the remedies available under 15 U.S.C. § 1117 and/or § 1118.

55. Curtis' responses to Paragraphs 1 through 54 are incorporated by reference with respect to its responses to the Fourth Cause of Action set forth in the Second Amended Complaint.

56. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the fifty-sixth numbered paragraph, and they are therefore denied. In

1  the alternative, Defendant states that the allegations in the fifty-sixth numbered
2  paragraph constitute conclusions of law to which no response is required, and they
3  are denied.
4      57.  Curtis lacks sufficient knowledge or information to admit or deny the
5  allegations in the fifty-seventh numbered paragraph, and they are therefore denied.
6      58.  Defendant admits that the documents attached to the complaint as
7  Exhibit G appear to include (a) a photocopy of U.S. copyright registration number
8  VA 1-689-425, and that the date of issuance for this registration appears to be
9  11/05/09, (b) a photocopy of U.S. copyright registration number VA 1-689-427,
10 and that the date of issuance for this registration appears to be 11/05/09, (c) a
11 photocopy of U.S. copyright registration number VA 1-689-494, and that the date
12 of issuance for this registration appears to be 11/06/09, (d) a photocopy of U.S.
13 copyright registration number VA 1-689-465, and that the date of issuance for this
14 registration appears to be 11/06/09, (e) a photocopy of U.S. copyright registration
15 number VA 1-689-468, and that the date of issuance for this registration appears to
16 be 11/06/09, (f) a photocopy of U.S. copyright registration number VA 1-689-472,
17 and that the date of issuance for this registration appears to be 11/06/09, (g) a
18 photocopy of U.S. copyright registration number VA 1-689-474, and that the date
19 of issuance for this registration appears to be 11/06/09, (h) a photocopy of U.S.
20 copyright registration number VA 1-689-488, and that the date of issuance for this
21 registration appears to be 11/06/09, (i) a photocopy of U.S. copyright registration
22 number VA 1-689-491, and that the date of issuance for this registration appears to
23 be 11/06/09, (j) a photocopy of U.S. copyright registration number VA 1-689-492,
24 and that the date of issuance for this registration appears to be 11/06/09, (k) a
25 photocopy of U.S. copyright registration number PA 1-649-179, and that the date of
26 issuance for this registration appears to be 11/04/09, (l) a photocopy of U.S.
27 copyright registration number PA 1-649-177, and that the date of issuance for this
28 registration appears to be 11/04/09, (m) a photocopy of U.S. copyright registration

1 number PA 1-649-176, and that the date of issuance for this registration appears to
2 be 11/04/09, (n) a photocopy of U.S. copyright registration number VA 1-688-954,
3 and that the date of issuance for this registration appears to be 11/06/09, (o) a
4 photocopy of U.S. copyright registration number VA 1-688-963, and that the date
5 of issuance for this registration appears to be 11/06/09, (p) a photocopy of U.S.
6 copyright registration number VA 1-688-955, and that the date of issuance for this
7 registration appears to be 11/06/09, (q) a photocopy of U.S. copyright registration
8 number VA 1-688-958, and that the date of issuance for this registration appears to
9 be 11/06/09, (r) a photocopy of U.S. copyright registration number VA 1-688-960,
10 and that the date of issuance for this registration appears to be 11/06/09, (s) a
11 photocopy of U.S. copyright registration number VA 1-688-962, and that the date
12 of issuance for this registration appears to be 11/06/09. However, Curtis lacks
13 sufficient knowledge or information to admit or deny and demands strict proof of,
14 these allegations. Curtis further lacks sufficient knowledge or information to admit
15 or deny the remaining allegations in the fifty-eighth numbered paragraph, and they
16 are therefore denied. In the alternative, Defendant states that the remaining
17 allegations in the fifty-eighth numbered paragraph constitute conclusions of law to
18 which no response is required, and they are denied.

19     59. Curtis lacks sufficient knowledge or information to admit or deny the
20 allegations in the fifty-ninth numbered paragraph, and they are therefore denied.

21     60. Curtis lacks sufficient knowledge or information to admit or deny the
22 allegations in the sixtieth numbered paragraph, and they are therefore denied.

23     61. Curtis lacks sufficient knowledge or information to admit or deny the
24 allegations in the sixty-first numbered paragraph concerning Plaintiff or Defendant
25 Beckett Media LLC, and they are therefore denied.

26     62. Curtis lacks sufficient knowledge or information to admit or deny the
27 allegations in the sixty-second numbered paragraph, and they are therefore denied.

28

63.  Curtis admits that it has the title of and functions as what is called in the industry a "national distributor" of magazines, but denies any allegation, implication or suggestion that merely having this title means that it provides services or engages in conduct that give rise to liability under the Copyright Act, Lanham Act or any of the other statutes of laws relied on by Summit for its claims. Curtis further admits that it provided certain specific services, acting as what is called a "national distributor," to Beckett for the Beckett Teen Sensations presents title under which Beckett published two releases or issues focusing on Twilight, but denies any allegation, implication or suggestion that such services actually provided by Curtis give rise to liability under the Copyright Act, Lanham Act or any of the other statutes of laws relied on by Summit for its claims. Curtis further responds that what constitutes "distribution" under the Copyright Act is a conclusion of law to which no response is required, and which is therefore denied. Curtis further admits that Defendant Ubiquity Distributors, Inc. is a wholesaler of magazines, which acquired copies of the Twilight issues published by Beckett under the Teen Sensations presents title and upon information and belief provided those magazine issues to retailer entities. Except as expressly admitted, Curtis denies the allegations of sixty-third numbered paragraph.

64.  Curtis generally denies the contentions in sixty-forth numbered paragraph and specifically denies that Plaintiff has suffered any damages and/or is entitled to recover any damages, including, without limitation, the "gains, profits and/or advantages" and/or statutory damages under the Copyright Act of the United States.

65.  Denied.

66.  Curtis' responses to Paragraphs 1 through 65 are incorporated by reference with respect to its responses to the Fifth Cause of Action set forth in the Second Amended Complaint.

67.  Denied, generally and specifically.

68. Curtis generally denies the allegations of the sixty-eighth numbered paragraph and specifically denies that Plaintiff has been damaged, irreparably or at all, and that Plaintiff is entitled to any relief, particularly: (a) injunctive relief, restraining and enjoining Curtis from any lawful acts; (b) awarding Plaintiff any damages; (c) requiring Curtis to account to Plaintiff for Curtis' profits from the marketing of its "goods"; (d) the award of any of Curtis' profits to Plaintiff; and / or (e) punitive (or any other) damages..

69. Curtis' responses to Paragraphs 1 through 68 are incorporated by reference with respect to its responses to the Fifth Cause of Action set forth in the Second Amended Complaint.

70. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the seventieth numbered paragraph, and they are therefore denied.

71. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the seventy-first numbered paragraph, and they are therefore denied.

72. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the seventy-second numbered paragraph, and they are therefore denied.

73. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the seventy-third numbered paragraph, and they are therefore denied.

74. Curtis lacks sufficient knowledge or information to admit or deny the allegations in the seventy-fourth numbered paragraph, and they are therefore denied.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
**(No Claim Stated)**

The Second Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Comply with 17 U.S.C. § 411)**

To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. §§ 411, Plaintiff's claims for relief are barred in whole or in part.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to Comply with 17 U.S.C. § 411)**

To the extent Plaintiff has failed to comply with the provisions of 17 U.S.C. § 412, Plaintiff's claims for relief are limited and/or barred in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**
**(Laches)**

The claims alleged in the Second Amended Complaint are barred by laches.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack Of Standing)**

Plaintiff's purported claims alleged in the Second Amended Complaint are barred in whole or in part because of Plaintiff's lack of standing.

**SIXTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiff's claims for relief are barred by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff's claims for relief are barred by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**
**(License)**

Plaintiff's claims for relief are barred by the doctrine of license.

**NINTH AFFIRMATIVE DEFENSE**
**(Fair and/or Nominative Use)**

To the extent any such "use" occurred, which Defendant denies, Plaintiff's claims for relief are barred by the doctrine of fair use and/or nominative use.

### TENTH AFFIRMATIVE DEFENSE
(*De Minimus* Use)

To the extent any such "use" occurred, which Defendant denies, Plaintiff's claims for relief are barred by the doctrine of *de minimis* use.

### ELEVENTH AFFIRMATIVE DEFENSE
(Mootness)

Plaintiff's claims for injunctive relief are moot.

### TWELFTH AFFIRMATIVE DEFENSE
(No Willful Infringement)

To the extent any such "infringement" occurred by one or more of the Defendants, which Defendant denies, Plaintiff's claims for relief are limited and/or barred because Defendant did not willfully infringe any of Plaintiff's rights.

### THIRTEENTH AFFIRMATIVE DEFENSE
(First Amendment)

To the extent any "use" occurred by any Defendant, which Defendant Curtis denies, Plaintiff's claims for relief are barred in whole or in part because such purported constituted use protected by and prospective use that would be protected by the First Amendment to the United States Constitution.

WHEREFORE, Defendant respectfully submits that Plaintiff is not entitled to the relief requested in the Second Amended Complaint, and prays as follows:

1. That the Second Amended Complaint be dismissed with prejudice, at minimum with respect to Defendant Curtis Circulation Company LLC, and that Plaintiff take nothing herein;

2. That Defendant be awarded its costs of suit, including its reasonable attorneys' fees, incurred in defense of this action.

3. That Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated: November 18, 2010       Dechert LLP


By: /S/- Jill F. Kopeikin
    Jill F. Kopeikin
    Attorneys for Defendant
    CURTIS CIRCULATION
    COMPANY, LLC

## **DEMAND FOR TRIAL BY JURY**

In accordance with Fed. R. Civ. P. 38(b), Defendant Curtis Circulation Company LLC demands a trial by jury on all issues so triable.

Dated:    November 18, 2010           Dechert LLP

By: /S/- Jill F. Kopeikin
Jill F. Kopeikin
Attorneys for Defendant
CURTIS CIRCULATION
COMPANY, LLC